**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0189-23

NEW COMMUNITY
CORPORATION,

    Plaintiff-Respondent,

v.

FIRST ZION HOPE
MISSIONARY BAPTIST
CHURCH,

    Defendant-Appellant.

_____

        Argued March 13, 2025 – Decided March 19, 2025

        Before Judges Mawla, Walcott-Henderson, and Vinci.

        On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000207-21.

        Luretha M. Stribling argued the cause for appellant.

        Thomas N. Gamarello argued the cause for respondent (Schenck, Price, Smith & King, LLP, attorneys; Thomas N. Gamarello, of counsel and on the brief; Marla Buitrago Rincon, on the brief).

PER CURIAM

Defendant First Zion Hope Missionary Baptist Church appeals from an August 17, 2023 order dismissing its claims of adverse possession, trespass, and conversion, and granting plaintiff New Community Corporation summary judgment to quiet title. We affirm.

In 1976, defendant purchased the property located at 253 Bergen Street in Newark. Defendant's property is designated as Lots 19 and 20 on the Newark City tax map. In 1985, plaintiff purchased the adjoining properties located at 264-270 Camden Street and 259-261 Bergen Street, which is designated as Lot 22 on the tax map.

In 2021, plaintiff became aware that defendant entered Lot 22 without authorization and placed a large pile of stone, dirt, and gravel on it. On May 25, 2021, plaintiff sent defendant a letter regarding its unauthorized entry onto the lot. On June 3, 2021, plaintiff sent a second letter advising defendant of the property boundaries to show defendant had placed the debris pile on plaintiff's lot. Defendant did not remove the pile.

In November 2021, plaintiff filed a five-count complaint in the Chancery Division for ejectment, trespass, conversion, quiet title, and nuisance.

2

Defendant answered the complaint and filed a four-count counterclaim for trespass, conversion, quiet title, and adverse possession.

The parties retained a joint title expert to analyze title and opine which party owned the lots in question. The title expert concluded plaintiff owned Lot 22 and the debris pile was located on plaintiff's property.

Defendant hired its own surveyor, who confirmed the dimensions of the parties' respective lots, including that a church operated by defendant was located on Lot 20 and the debris pile was located on Lot 22 at the rear of the church, where a corridor between the two lots narrows. Below is the relevant information taken from the city tax map depicting the lots owned by the parties. The shaded area on the map represents the approximate area of the debris pile.



3

The trial judge appointed a surveyor who surveyed Lots 20 and 22. The court appointed surveyor also concluded plaintiff owned Lot 22, including the area where the debris pile was located. The surveyor confirmed the accuracy of the measurements in the tax map.

Defendant moved for summary judgment. It argued it maintained the church property, including the lot next to it, by mowing the lawn in the summer and removing snow in the winter. In or about 2003, it had Public Service Electric and Gas (PSE&G) install a light pole on Lot 22 in the disputed area and paid the corresponding electric bill. It also fenced in Lot 22, including the disputed area for parishioner parking. Defendant asserted plaintiff never tended the disputed area before filing its complaint.

Plaintiff moved for summary judgment and pointed out the proofs submitted by defendant did not establish it owned Lot 22. The PSE&G bills were for 253 Bergen Street, which includes Lot 19, not Lot 22. The snow removal receipts did not delineate which property they were for, and defendant admitted plaintiff was the record owner of Lot 22. Plaintiff noted all three experts, including defendant's, confirmed the location of Lot 22, that it belonged to plaintiff, and the joint and court appointed experts found the debris pile was on Lot 22.

A-0189-23

The trial judge found plaintiff was entitled to summary judgment on the quiet title claim because it was "in peaceable possession of the [p]roperty as the undisputed record owner of . . . Lot 22." Plaintiff had purchased the property and "already developed the portion of the parcel on the Camden St[reet] side." The court-appointed surveyor had "conclusively" established plaintiff's record ownership of Lot 22. The judge credited the court-appointed surveyor's opinion the debris pile was on Lot 22 because there was "no material dispute of fact that plaintiff bought the [p]roperty at Lot 22 and that the metes and bounds of the [p]roperty are as designated by the" court-appointed expert and plaintiff's own expert.

The judge denied defendant's adverse possession claim because it "raised no genuine issue of material fact as to whether the [p]roperty has been adversely possessed." Defendant presented "insufficient evidence of exclusive, continuous, open and notorious, hostile use of the property for thirty years" required for adverse possession under N.J.S.A. 2A:14-30 and -31.

Indeed, the utility bills were for Lot 19 and the snow plowing invoices and receipts did not indicate they were for Lot 22. Moreover, the oldest payment for snow plowing dated to December 27, 2009, which did not show defendant was in actual possession of the property for the thirty years required by N.J.S.A.

5

2A:14-30. The payment was also for "an undesignated address." There was no evidence defendant fenced in the disputed area. It was irrelevant that plaintiff had not developed the disputed portion of the property. Defendant presented no evidence contradicting the court-appointed expert's opinion: regarding the location of defendant's property, Lots 19 and 20; that 253 Bergen Street "encompasses both . . . Lots 19 and 20"; and that the location of the debris pile was on plaintiff's property. In fact, the joint expert, plaintiff's expert, "and the deed into [plaintiff] confirm[ed]" the court-appointed expert's conclusions.

I.

Defendant asserts the trial judge failed to properly apply the statute of limitations on adverse possession set forth in N.J.S.A. 2A:14-30. It claims the facts show that immediately after the purchase of its property in 1976, defendant began utilizing the entirety of the property, including Lot 22. When plaintiff purchased its property in 1985, it clearly had notice defendant was utilizing Lot 22. Therefore, defendant argues that under N.J.S.A. 2A:14-30, plaintiff had until June 30, 2006, to object to defendant's use of the lot and it failed to do so. Plaintiff did not contact defendant until June 2021, fifteen years after the statutory period had lapsed.

Defendant argues it satisfied all the statutory elements for adverse possession, N.J.S.A. 2A:14-31. It claims "Lot 22 has been in [its] exclusive possession" and its use "has been open, obvious and notorious." Defendant reiterates it maintained the lot, engaging in landscaping and snow removal, since 1976. It paid the utility bills associated with the lot and enclosed it with a padlocked chain link fence, bearing a no trespassing sign. The city also recognized defendant as the owner when it granted a permit to modify the sidewalk on Lot 22. Defendant argues the trial judge misapplied the facts to the law and ignored the sheer amount of evidence in the record, which at a minimum should have precluded the judge from granting plaintiff summary judgment.

Defendant maintains the trial judge should have granted summary judgment in its favor on the quiet title claim because it "ha[s] been in peaceable possession of . . . Lot 22 for a period of [thirty-six] years" before plaintiff challenged its interest. It urges us to take notice of the fact plaintiff "is a sophisticated entity that purchases a lot of real estate and . . . had ownership of a great deal of realty in Newark." Despite this, plaintiff never acted as if it had ownership of Lot 22 and permitted defendant to exercise dominion over the lot, while developing every other lot it owned on Bergen Street and the surrounding

area. Defendant argues it should have been granted summary judgment on its trespass and conversion claims due to its adverse possession of the disputed area.

II.

Our review of a summary judgment ruling is de novo, applying the same legal standard as the trial judge set forth in Rule 4:46-2(c). Conley v. Guerrero, 228 N.J. 339, 346 (2017). We consider whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

A party opposing summary judgment "bears the . . . burden of responding . . . and it cannot be satisfied by the presentation of incompetent or incomplete proofs." Polzo v. Cnty. of Essex, 196 N.J. 569, 586 (2008) (citations omitted). "Rule 4:46-2 dictates . . . a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence . . . creat[ing] a 'genuine issue as to [a] material fact . . . .'" Brill, 142 N.J. at 529. "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Cortez v. Gindhart, 435 N.J. Super. 589,

A-0189-23

605 (App. Div. 2014) (quoting Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009)).

If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." Dickson v. Cmty. Bus Lines, Inc., 458 N.J. Super. 522, 530 (App. Div. 2019) (citing Prudential Prop. & Cas. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998)). We accord no deference to the trial judge's conclusions of law and review them de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

The adverse possession statute states:

> Thirty years' actual possession of any real estate . . . uninterruptedly continued by occupancy, descent, conveyance or otherwise, shall, in whatever way or manner such possession might have commenced or have been continued, vest a full and complete right and title in every actual possessor or occupier of such real estate, . . . and shall be a good and sufficient bar to all claims that may be made or actions commenced by any person whatsoever for the recovery of any such real estate . . . .
>
> Thirty years' actual possession of any real estate, uninterruptedly continued by occupancy . . . or otherwise, wherever such possession commenced or is founded upon a proprietary right duly laid thereon, and recorded in the office of the surveyor general of the division in which the location was made, or in the office of the secretary of state, pursuant to law, or wherever such possession was obtained by a fair bona fide purchase of such real estate from any person in

possession thereof and supposed to have a legal right and title thereto, or from the agent of such person, shall be a good and sufficient bar to all prior locations, rights, titles, conveyances, or claims whatever, not followed by actual possession as aforesaid, and shall vest an absolute right and title in the actual possessor and occupier of all such real estate.

[N.J.S.A. 2A:14-30 to -31.]

"The burden of proof rests on the party claiming title by adverse possession."

Patton v. N. Jersey Dist. Water Supply Com., 93 N.J. 180, 187 (1983).

The quiet title statute provides:

Any person in the peaceable possession of lands in this state and claiming ownership . . . when [their] title . . . is denied or disputed, or any other person claims or is claimed to own the same . . . and when no action is pending to enforce or test the validity of such title . . . [may] maintain an action in the superior court to settle the title to such lands and to clear up all doubts and disputes . . . .

[N.J.S.A. 2A:62-1.]

Pursuant to these principles, we affirm substantially for the reasons expressed in trial judge's opinion. We add the following comments.

The summary judgment record confirms defendant could not establish adverse possession under either N.J.S.A. 2A:14-30 or -31. The record also shows plaintiff, not defendant, was the titled owner of Lot 22, and that plaintiff was entitled to quiet title. Defendant's reliance on plaintiff's alleged

10

sophistication is irrelevant because it is not a statutory element of either adverse possession or quiet title. Finally, because there was no credible dispute relating to plaintiff's ownership and defendant's lack of adverse possession, defendant could not prevail on the trespass or conversion claims because the property did not belong to them as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0189-23